IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 07-00329-01-CR-W-SOW |
| WILLIAM C. HERNANDEZ, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
TO ACCEPT DEFENDANT'S GUILTY PLEA**

On June 28, 2005, I held a change-of-plea hearing after this case was referred to me by United States District Judge Scott Wright. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

*I.    BACKGROUND*

On October 2, 2007, an indictment was returned charging defendant with various drug offenses. A superseding indictment was returned on May 8, 2008, charging, among other things, one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, one count of possessing a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c), and one count of criminal forfeiture pursuant to 21 U.S.C. § 853. Judge Wright referred this case to me for conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea. The hearing was held on February 26, 2009. Defendant was present, represented by Steven Willibey. The government was represented by Assistant United States Attorney Bruce Rhoades. The proceedings were recorded and a transcript of the hearing was filed on February 27, 2009.

## II. AUTHORITY OF THE COURT

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. United States v. Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991), Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. United States v. Torres, 258 F.3d at 795. Applying the Peretz holding and the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. Plea allocutions are

2

substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing United States v. Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting United States v. Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the district court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

## III.    FINDINGS OF FACT

1. On May 8, 2008, a superseding indictment was returned charging defendant with a violation of 21 U.S.C. § 846 by conspiring to possess with intent to distribute methamphetamine, with one violation of 18 U.S.C. § 924(c) by possessing a firearm during and relation to a drug trafficking crime, and a criminal forfeiture count pursuant to 21 U.S.C. § 853 (Tr. at 4-5).

2. The statutory penalty for count one is not less than ten years and not more than life in prison, not more than $4 million fine, not less than five years supervised release, and a $100 special assessment (Tr. at 6). The government filed an § 851 notice which doubles the penalty range on count one, making the mandatory minimum 20 years, the fine up to $8 million,

3

and supervised release term of not less than ten years (Tr. at 6). The statutory penalty for count four is not less than five years in prison, a fine of not more than $250,000, not more than three years supervised release, and a $100 special assessment (Tr. at 6).

3. Defendant was advised of the following:

   a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 7);

   b. That he has the right to assistance of counsel throughout the trial (Tr. at 7);

   c. That defendant is presumed innocent, and the government has the burden of coming forward to prove defendant's guilt beyond a reasonable doubt (Tr. at 8);

   d. That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 8);

   e. That defendant would have an opportunity to subpoena witnesses to testify on his behalf (Tr. at 9); and

   f. That defendant would have an opportunity to testify on his own behalf, but that he would not be required to and the jury would be instructed that they could not draw an adverse inference if he chose not to testify (Tr. at 9).

4. Defendant was informed and understood that by pleading guilty, he is giving up all of the rights described above (Tr. at 10).

5. Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 10). Defendant was further

informed that he must answer questions truthfully while under oath (Tr. at 11). Defendant stated that he understood (Tr. at 11).

6. Defense counsel had full access to the government's file and agreed that his review of the evidence and his independent investigation confirmed that the facts were as alleged by the government and that it is in the defendant's best interest to plead guilty (Tr. at 11).

7. The government made the following factual basis for the plea: the Independence Police Department was notified of an individual who appeared to be unresponsive. They responded to that location in Independence and found defendant who was taken in for treatment. Police found, in the vehicle that had been abandoned by defendant at that location, 395 grams of methamphetamine, some marijuana, some other pills, and $5,000 in U.S. currency. After being released from the hospital, defendant was taken into custody. On September 6, 2007, Independence police officers attempted to stop defendant in a vehicle, and he ran from them. That vehicle was stolen, and subsequently defendant was arrested. In the vehicle, police found $1,600 in currency, 55 grams of methamphetamine, and a handgun. People were involved with defendant in distributing methamphetamine, and that distribution of methamphetamine well exceeded the 500 grams of methamphetamine required in the statute (Tr. at 12-13).

8. Defendant was placed under oath (Tr. at 13) and admitted the following: Between August 1, 2007, and September 6, 2007, he agreed with others to possess with intent to distribute 50 grams or more of methamphetamine, he knew it was against the law, and he did these acts knowingly and intentionally (Tr. at 14-15). Sometime around September 6, 2007, he was in possession of methamphetamine that he intended to distribute, and he also had an Astra A-70 9 mm handgun in his possession (Tr. at 15). All of these acts occurred within the Western

District of Missouri (Tr. at 15-16). Specifically, defendant stated as follows:

> On August 23rd I was going to a garage sale actually and there was a moving sale, an estate sale, and upon going there, I got a little heat stroke and I passed out outside at the garage sale, and when I came to, there was an ambulance there and they took me to the hospital and later they came back to the hospital and arrested me for my truck. They found some narcotics in my truck, what was stated in here. It was in a camera case in my -- the floorboard of my truck, and I was arrested and tooken to Independence Police Department. And on the second one, I was out at Hawthorne Apartments and visiting some friends. I left there. Upon leaving there, I was pulled over and when the police went to pull me over, I knew I had narcotics and a gun in the car and I ran from the police and they later caught us and there was 55 grams, I guess, and the firearm was in the vehicle with it.

(Tr. at 16-17). Defendant stated that during this time he was involved with other people in distributing methamphetamine (Tr. at 17), and that he possessed the firearm to assist his methamphetamine distribution (Tr. at 17-18).

     9.    Defendant is familiar with the plea agreement, discussed it with his attorney, and understands it. In addition, I went through the plea agreement with defendant (Tr. at 18-29).

     10.    No one has made any threats or promises in order to get defendant to plead guilty (Tr. at 29).

     11.    Defendant is satisfied with the advice and guidance he has received from Mr. Willibey (Tr. at 29). There is nothing Mr. Willibey did that defendant did not want him to do (Tr. at 29). There is nothing defendant wanted Mr. Willibey to do that he did not do (Tr. at 29-30).

     12.    Defendant is 37 years of age (Tr. at 30). He has a GED (Tr. at 30). Defendant has no mental health or substance abuse issues (Tr. at 30). Defendant was not under the influence of any drug or alcohol during the change-of-plea hearing (Tr. at 30).

6

Case 4:07-cr-00329-SOW   Document 81   Filed 03/03/09   Page 6 of 8

13. Defendant tendered a plea of guilty to the crimes charged in counts one and four of the superseding indictment as well as the forfeiture allegation (Tr. at 31).

## IV. ELEMENTS OF THE CHARGED OFFENSES

The elements necessary to sustain a conviction for conspiracy to possess with intent to distribute methamphetamine are:

One, two or more persons reached an agreement or came to an understanding to possess with intent to distribute methamphetamine;

Two, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

Three, at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

Eighth Circuit Model Criminal Jury Instruction 6.21.846A.

The elements necessary to sustain a conviction for possessing a firearm during and in connection to a drug trafficking offense are:

One, the defendant committed the crime of possessing methamphetamine with intent to distribute; and

Two, the defendant knowingly possessed a firearm in furtherance of that crime.

Eighth Circuit Model Criminal Jury Instruction 6.18.924C.

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a Magistrate Judge for issuance

of a report and recommendation on whether defendant's guilty plea should be accepted.

2. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crimes charged in counts one and four of the superseding indictment as well as the forfeiture count.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting defendant's guilty plea and adjudging defendant guilty of the offenses charged in counts one and four and the criminal forfeiture count.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
March 3, 2009